# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| TARVISIUM HOLDINGS, LLC, and <br> 45N123, LLC, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No. 4:19-CV-0086-DGK |
| DUKAT, LLC, <br> 36 LOWER, INC., <br> ELLIOTT KATTAN, and <br> BEN SCHWARTZ, | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

This lawsuit arises from Plaintiffs' purchase of an e-Commerce business, Essential Hardware ("EHW"), from Defendant Dukat, LLC. Now before the Court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 11).

After carefully reviewing the motion and the existing record, the Court holds Plaintiffs have not met their burden to justify the Court issuing a temporary restraining order. The Court will withhold ruling on Plaintiffs' request for a preliminary injunction until the issue is fully briefed and a hearing, if necessary, is held.

### Background

The Complaint alleges Plaintiff Tarvisium Holdings, LLC ("Tarvisium") purchased Essential Hardware, a reportedly very profitable e-Commerce business, from Defendant Dukat, LLC ("Dukat") for $5 million: $1 million cash at closing and a $4 million promissory note. The promissory note was backed by a security agreement in Dukat's favor covering critical assets of the business which would revert to Dukat in the event Tarvisium did not make the required

payments. Tarvisium also contracted with Dukat and Defendant 36Lower, Inc. ("36Lower") to operate and run the business after the closing to ensure its continued profitability. The sale closed on September 21, 2018.

Plaintiffs allege that Dukat and 36Lower breached the agreement to continue running the business, causing Essential Hardware to sustain extensive losses. Plaintiffs also allege that Dukat's founder, Defendant Elliott Kattan, along with key employees Elliott Kattan and Ben Schwartz (who are both Defendants), misrepresented Essential Hardware's financial health during the purchase negotiations by inflating the business's historical sales and profitability. Plaintiffs claim that before closing, Defendants Kattan and Schwartz shut down Essential Hardware's operations to inflict a fatal wound on the business. They contend Defendants were either indifferent to the business's continued success, or they intentionally caused it to fail in order to recover the business through the security agreement.

Plaintiffs' Complaint contains six counts, all founded on the above allegations: a request for a declaratory judgment that Dukat and 36Lower materially breached the various agreements such that Tarvisium may elect to excuse its own performance under the agreements (Count One); breach of contract (Count Two); breach of the covenant of good faith and fair dealing (Count Three); fraudulent inducement/misrepresentation (Count Four); negligent inducement/misrepresentation (Count Five); and tortious interference with a business expectancy (Count Six).

Defendants deny the allegations, noting Plaintiffs filed this lawsuit after being notified they were in default for missing two promissory note payments just months after entering the agreement. They suggest Plaintiffs filed the lawsuit knowing full well that the business's critical assets had already reverted to Defendants under the express terms of the promissory note and

security agreement. Defendants contend the requests for pre-trial injunctive relief is an attempt to manipulate the Court into allowing Plaintiffs to retain sole ownership of the business's key assets and intellectual property while avoiding any payments on the assets, effectively undoing the security agreement during the pendency of the litigation.

## Standard for Issuance of a Temporary Restraining Order

In determining whether to grant a temporary restraining order the Court considers: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest. *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007). No single factor is determinative; they must be "balanced to determine whether they tilt towards or away" from granting the injunction. *Noodles Development, LP. v. Ninth Street Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007). A temporary restraining order "is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *North Dakota v. U.S. Army Corps of Eng'rs*, 264 F. Supp. 2d 871, 878 (N.D. 2003) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

## Discussion

**A.** **Plaintiffs have not demonstrated a threat of irreparable harm.**

To demonstrate a sufficient threat of irreparable harm, the moving party must show that there is no adequate remedy at law; that is, that an award of damages cannot compensate the movant for the harm. *See Noodles Development*, 507 F.Supp.2d at 1036-37. In this dispute, it appears that an award of damages could fully compensate Plaintiffs for any loss they have suffered, thus there is no threat of irreparable harm. While Plaintiffs may not be able to operate

the business in the interim without the injunctive relief they seek, an award of monetary damages, including damages for lost profits, can compensate them for this harm. Alternately, they could seek to rescind the sale and for the return of any amounts paid. Hence, there is no irreparable harm here.

    **B.    Plaintiffs have not shown that the balance of harms favors issuing a TRO.**

Plaintiffs argue that without injunctive relief, they will suffer substantial, if not devastating injuries. Conversely, they claim Defendants will suffer no harm if the injunction is granted because they have no right to the assets because they violated the purchase agreement.

Defendants respond that granting the injunction will inflict much greater harm on them because it would deny them their money owed under the promissory note and their control over the intellectual property which rightly reverted to them after Tarvisium failed to make the required payments.

The Court finds Plaintiffs have not come close to showing the premise for their argument, namely, that Defendants violated the purchase agreement, is true. Thus, they have not shown the balance of harms favors issuing a TRO.

    **C.    Plaintiffs have not shown a likelihood of success on the merits.**

To demonstrate likelihood of success on the merits, a movant does not need to show that it ultimately will succeed on its claims, only that the movant's prospects for success is *sufficiently likely* to support the kind of relief it requests. *Id*. (emphasis added) (citations omitted). That is, the movant need only show "a fair chance of prevailing." *Phelps-Roper*, 509 F.3d at 485.

Plaintiffs' combined motion and suggestions in support is somewhat threadbare and conclusory concerning what allegedly happened here. The Court finds it noteworthy, however,

that Plaintiffs do not dispute that they failed to make required promissory note payments just a few months after signing the deal.

To find Plaintiffs have shown a fair chance of prevailing, the Court would have to accept Plaintiffs at their word concerning what happened here and not accept Defendants at theirs, essentially making a credibility determination without any basis for doing so. At this point in time, the Court does not know what happened here, and it appears just as likely that Plaintiffs first violated the various agreements as Defendants did. Hence, the Court cannot find Plaintiffs have shown a fair chance of prevailing.

### D.   The public interest is not implicated here.

Finally, the Court finds the public interest does not favor either granting or denying the request for a temporary restraining order. Although the public has an interest in swiftly enforcing negotiated contracts, it is unclear which party is in the right here. Thus, the public interest does not weigh in favor of either side.

### Conclusion

For the reasons discussed above, the Court finds Plaintiffs have not met their burden of demonstrating the need for injunctive relief. Plaintiffs' request for a temporary restraining order is DENIED. The Court withholds ruling on Plaintiffs' request for a preliminary injunction.

**IT IS SO ORDERED.**

Date:  May 21, 2019  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT