# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| TARVISIUM HOLDINGS, LLC, and  45N12E, LLC,  | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:19-CV-0086-DGK |
| DUKAT, LLC,  36LOWER, INC.,  ELLIOTT KATTAN, and  BEN SCHWARTZ, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART MOTION TO DISMISS

This lawsuit arises from Plaintiffs' purchase of an e-Commerce business, Essential Hardware, from Defendant Dukat, LLC ("Dukat"). Now before the Court is Defendants' Joint Motion to Dismiss Plaintiffs' Complaint and/or for a More Definite Statement (Doc. 7). For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

### Standard of Review

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff [ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

**Background**

The Complaint alleges Plaintiff Tarvisium Holdings, LLC ("Tarvisium") purchased Essential Hardware, a reportedly very profitable e-Commerce business, from Dukat for $5 million: $1 million cash at closing and a $4 million promissory note. The purchase was consummated via a variety of integrated agreements, including an asset purchase agreement, a software services agreement, a security agreement, a non-compete agreement, and a promissory note. The promissory note was backed by a security agreement in Dukat's favor covering critical assets of the business which would revert to Dukat in the event Tarvisium did not make the required payments. Tarvisium also contracted with Dukat and Defendant 36Lower, Inc. ("36Lower") to operate and run the business after the closing to ensure its continued profitability. The sale closed on September 21, 2018.

Plaintiffs allege that Dukat and 36Lower breached their agreement to continue running the business, causing Essential Hardware to sustain extensive losses. Plaintiffs also allege that Dukat's founder, Defendant Elliott Kattan ("Kattan"), along with key employee Defendant Ben Schwartz ("Schwartz") (collectively "the Individual Defendants"), misrepresented Essential Hardware's financial health during the purchase negotiations by inflating the business's

historical sales and profitability. Plaintiffs claim that before closing, Kattan and Schwartz shut down Essential Hardware's operations to inflict a fatal wound on the business. They contend Defendants were either indifferent to the business's continued success, or Defendants intentionally caused the business to fail in order to recover it through the security agreement.

The Complaint contains six counts: a request for a declaratory judgment that Dukat and 36Lower materially breached the various agreements such that Tarvisium may elect to excuse its own performance under the agreements (Count One); breach of contract (Count Two); breach of the covenant of good faith and fair dealing (Count Three); fraudulent inducement/misrepresentation (Count Four); a negligent inducement/misrepresentation claim (Count Five); and a tortious interference with a business expectancy (Count Six) brought against Kattan only.

**Discussion**

**A.    Counts One and Two state a claim against Dukat and 36Lower.**

Defendants argue Counts One and Two, which are based on alleged breach of contract, should be dismissed against the individual Defendants because these counts fail to state any claims against them as individuals as opposed to corporate officials. Defendants also argue Counts One and Two should be dismissed against all Defendants because the contracts fail for lack of consideration, an essential element of a contract.[1]  Joint Mot. at ¶ 8.[2]

---

[1] Defendants also argue that the Complaint purportedly omits certain facts that would tend to paint Plaintiffs in an unflattering light, and their brief provide these facts. The Court cannot consider matters outside of the pleadings on a motion to dismiss. See Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010). These purported facts may be presented in a motion for summary judgment.

[2] Defendants combined motion/suggestions in support contains two paragraphs that are numbered "8." This cite is to the first one.

The Court agrees that Counts One and Two fail to state claims against the Individual Defendants. In fact, Plaintiffs do not contest this point. Accordingly, Counts One and Two are dismissed without prejudice against Kattan and Schwartz.

Defendants' assertion that the integrated agreements fail for lack of consideration is meritless. For example, the Complaint alleges the parties entered into a series of agreements to purchase Essential Hardware for "$5 million, comprised of $1 million in cash at closing and a $4 million Promissory Note with monthly payments extending through July 1, 2026." Compl. ¶ 31. This is consideration. Hence, this portion of the motion is denied.

### B. Count Three states a claim against Dukat and 36Lower.

Next, Defendants argue that if the breach of contract claims are defective, then Plaintiffs cannot maintain their claim for breach of the covenant of good faith and fair dealing in Count Three. Additionally, Defendants argue the allegations in Count Three "are merely a restatement" of the breach of contract allegations, and so should be dismissed against all Defendants. Mot. at ¶ 11.

With respect to the first argument, as discussed above, Counts One and Two state a claim against Defendants Dukat and 36Lower, thus the precondition for this argument is not met with respect to Dukat and 36Lower. The precondition is met, however, with respect to Kattan and Schwartz. Thus, Count Three is dismissed against them.

Defendants' additional argument is meritless. Under Missouri law, "[a] party breaches the covenant of good faith and fair dealing if it exercises a judgment conferred by the express terms of the agreement in a manner that evades the spirit of the agreement and denies the other party the expected benefit of the agreement." *Rock Port Mkt., Inc. v. Affiliated Foods Midwest*

4

*Coop., Inc.*, 532 S.W.3d 180, 188 (Mo. Ct. App. 2017). The Complaint contains numerous paragraphs alleging Defendants did just this. For example:

> 52. Notwithstanding that Dukat had a clear obligation to continue to "conduct the Business in the ordinary course of business consistent with past practice" and "maintain and preserve intact its current Business organization, operations and franchise and to preserve the rights, franchises, goodwill and relationships of its employees, customers, lenders, suppliers, regulators and others having relationships with the Business," Dukat brazenly shut down the business, eliminating any possibility of maintaining the critical continuity for which Tarvisium had bargained, including turning away EHW's customers and causing them to look elsewhere for their continuing needs. Moreover, even after Dukat shut down the business it had communications with Tarvisium before closing and failed to advise Tarvisium that it had shut down the business, suggesting that it was intentionally withholding the information.
>
> \* \* \*
>
> 55. Far from taking the steps to ensure the continuity of the business, Dukat actively undermined it not only by shutting down the business in early September but also by engaging in disputes with key vendors and refusing to pay them for expenses incurred by Dukat before closing.
>
> 56. For instance, in early October 2018, Tarvisium learned for the first time that Dukat was not paying EHW's Suppliers for past due invoices incurred by Dukat prior to closing. One notable example was Dukat's failure to pay DoItBest—Dukat's second most important Supplier—more than $280,000 in accounts payable. Because of this failure by Dukat, DoItBest refused to provide a line of credit to Tarvisium for several weeks, causing significant monetary damage to EHW.

Compl. ¶¶ 52, 55, 56. These allegations sufficiently state a claim for breach of the covenant of good faith and fair dealing to survive a motion to dismiss.

Count Three is dismissed without prejudice against Defendants Kattan and Schwartz. The motion is denied with respect to Defendants Dukat and 36Lower.

C. **Count Four pleads fraudulent inducement with enough particularity.**

Defendants move to dismiss Count Four on the grounds that it fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). They also contend it fails to plead two elements of fraudulent misrepresentation: (1) that the representations were material, and (2) that Plaintiffs' reliance upon the representations was reasonable.[3] Further, the Individual Defendants argue the Complaint fails to make sufficient allegations against them to hold them liable as individuals. They assert they signed the various agreements in their capacities as corporate officers, and the Complaint fails to plead any theory, such as piercing the corporate veil, that could make them individually liable.

Count Four of the Complaint alleges that before the parties made the agreements, Defendants provided to Plaintiffs income statements and balance sheets for the previous three and a half years that were false; they did this to encourage Plaintiffs to enter the agreements; these false representations were material to Plaintiffs' decision to enter the agreements; and Plaintiffs' reasonably and justifiably relied upon these financial statements. Compl. ¶¶ 20-25. More specifically, Dukat—through the Individual Defendants—manipulated Essential Hardware's financials for the first six months of 2018 by inflating revenue by $500,000 and understating the costs of good sold by $200,000. *Id.* ¶ 82. The Individual Defendants

---

[3] Defendants also claim that Plaintiffs undertook an independent investigation of the business before purchasing it, and so as a matter of law, Plaintiffs are prohibited from relying on any misrepresentations allegedly made by Defendants concerning the sale. The Court may not consider this argument at the motion to dismiss stage. *See Calon v. Bank of Am.*, No. 14-0913-CV-W-FJG, 2016 WL 2889077, at *2 (W.D. Mo. May 17, 2016) (noting a 12(b)(6) motion "tests the sufficiency of a complaint; it typically does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses;" 5B Wright and Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2016) (observing the purpose of a 12(b)(6) motion "is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case").

participated by deciding which items of revenue and expense to include in the financial statements.[4] *Id.* ¶ 82. These actions enabled Defendants to negotiate a higher sales price for the business. *Id.* ¶ 24.

These allegations state a claim for fraudulent inducement under Missouri law. They are also enough to satisfy Rule 9(b)'s heightened pleading requirements. Finally, these allegations are enough to survive the Individual Defendants motion to dismiss because the Complaint alleges they actively participated in the wrong. *See Grothe v. Helterbrand*, 946 S.W.2d 301, 304 (Mo. App. 1997) (noting under Missouri law "corporate officers may be held individually liable for tortious corporate conduct if they have actual or constructive knowledge of, and participated in, an actionable wrong"). Accordingly, this portion of the motion is denied.

### D. Count Five states a claim for negligent misrepresentation.

The Individual Defendants also move to dismiss the negligent misrepresentation claim against them in Count Five. As above, they argue the Complaint fails to make allegations against them which could result in their being held personally liable. And as above, this argument is unavailing because the Complaint alleges they made these misrepresentations, which under Missouri law is enough to hold them liable. This portion of the motion is denied.

### E. Count Six states a claim against Defendant Kattan for tortious interference.

Finally, Defendant Kattan argues Count Six fails to state a claim for tortious interference against him because it does not allege that he either knew Plaintiffs had an agreement with vendor DoItBest, or that his actions induced or caused any breach in Plaintiffs' relationship with DoItBest.

This argument is meritless. Among other things, the Complaint alleges

---

[4] In fact, it also identifies a motive Kattan had for purportedly engaging in the fraud—he urgently needed a large cash infusion from the sale to support another business interest. *Id.* ¶ 4.

7

> [O]n January 29, 2019, Mr. Kattan contacted the Territory Sales Manager of DoItBest, one of the most important suppliers to EHW [Essential Hardware], who supports the EHW account. During the conversation, Mr. Kattan requested that DoItBest reinstate Dukat's account to re-establish its business in the hardware sector. This request is, in and by itself, in direct violation of the Non-Compete Agreement entered by Dukat and Tarvisium as part of the sale. Moreover, during the same conversation, Mr. Kattan indicated that DoItBest should not continue doing business with Tarvisium because it was in no position to continue operating the business, without the support of Dukat.

Compl. ¶ 24. These allegations, in conjunction with the rest of the Complaint, are enough to state a claim against Kattan.

This portion of the motion is denied.

## Conclusion

For the reasons discussed above, Defendant's Defendants' Joint Motion to Dismiss (Doc. 7) is GRANTED IN PART and DENIED IN PART. Counts One, Two, and Three are dismissed without prejudice against Kattan and Schwartz. The balance of the motion is DENIED.

**IT IS SO ORDERED.**

Date:  July 3, 2019   /s/ Greg Kays
                      GREG KAYS, JUDGE
                      UNITED STATES DISTRICT COURT