# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TARVISIUM HOLDINGS, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No: 4:19-cv-00086 |
| | ) |
| DUKAT, LLC, | ) |
| | ) |
| Defendants. | ) |

## TARVISIUM HOLDINGS, LLC and 45N12E, LLC'S
## ANSWER TO DEFENDANTS' COUNTERCLAIMS AND THIRD-PARTY CLAIMS

Plaintiffs Tarvisium Holdings, LLC and 45N12E, LLC (collectively, "Tarvisium" or "Plaintiffs"), and Third-Party Defendants Michele and Ana Pieropan (the "Pieropans"), for their answer to Defendants Dukat, LLC and 36 Lower, Inc.'s Counterclaims and Third-Party Claims, state and allege as follows:

### ALLEGATIONS COMMON TO ALL COUNTS
### COUNTERCLAIM AND THIRD PARTIES

150. Upon information and belief, Tarvisium and the Pieropans admit the allegations of this paragraph.

151. Upon information and belief, Tarvisium and the Pieropans admit the allegations of this paragraph.

152. Tarvisium and the Pieropans admit the allegations of this paragraph.

153. Tarvisium and the Pieropans admit the allegations of this paragraph.

154. Tarvisium and the Pieropans admit the allegations of this paragraph.

155. Tarvisium and the Pieropans admit the allegations of this paragraph.

156. Tarvisium and the Pieropans admit the allegations of this paragraph.

157. Tarvisium and the Pieropans admit the allegations of this paragraph.

## JURISDICTION AND VENUE

158. Tarvisium and the Pieropans admit the allegations of this paragraph.

159. Tarvisium and the Pieropans admit the allegations of this paragraph.

160. This paragraph states legal conclusions to which no response is required.

161. This paragraph states legal conclusions to which no response is required.

## COMMON ALLEGATIONS OF FACT

162. Tarvisium and the Pieropans admit that Michele Pieropan, on behalf of Tarvisium, first spoke with Elliot Kattan and Ben Schwartz on February 12, 2018 in a conference call organized by Marvin Baker, who acted as the transaction broker. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

163. Tarvisium and the Pieropans admit that Michele Pieropan, on behalf of Tarvisium, first submitted a non-binding Term Sheet for the purchase of Essential Hardware on February 25, 2018. Tarvisium and the Pieropans also admit that Michele Pieropan, on behalf of Tarvisium, met with Elliot Kattan, Mitch Kattan, and Ben Schwartz on April 10, 2018. Tarvisium and the Pieropans admit that due diligence took place, but not until July 3, 2018. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

164. Tarvisium and the Pieropans admit that on May 4, 2018, Michele Pieropan, on behalf of Tarvisium, submitted a Memorandum of Understanding to Marvin Baker, which states that Tarvisium would seek financing through a willing lender under the terms of the Small Business Administration ("SBA") and that Marvin Baker may introduce Tarvisium to one or more lending institutions to initiate the application process. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

165. Tarvisium and the Pieropans admit that Tarvisium entered into an Asset Purchase Agreement on June 21, 2018. The Agreement speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

166. Tarvisium and the Pieropans admit that Tarvisium entered into an Asset Purchase Agreement on June 21, 2018. The Agreement speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

167. Tarvisium and the Pieropans admit that Tarvisium entered into an Asset Purchase Agreement on June 21, 2018. The Agreement speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

168. Tarvisium and the Pieropans deny the allegations of this paragraph.

169. Tarvisium and the Pieropans deny the allegations of this paragraph. Dukat had separate financial statements for Essential Hardware both prior to and after the time Tarvisium and the Pieropans learned that Essential Hardware was for sale.

170. Tarvisium and the Pieropans deny the allegations of this paragraph.

171. Tarvisium and the Pieropans admit that Dukat represented Essential Hardware's sales to them in separate financial statements but otherwise deny the allegations of this paragraph.

172. Tarvisium and the Pieropans admit the allegations of this paragraph.

173. Tarvisium and the Pieropans admit the allegations of this paragraph.

174. Tarvisium and the Pieropans deny the allegations of this paragraph.

175. Tarvisium and the Pieropans admit that they hired Ron Chadwick and iLink Systems to conduct a limited review of certain financial information and intellectual property information represented by Dukat but deny the remaining allegations of this paragraph.

176. Tarvisium and the Pieropans deny the allegations of this paragraph.

177. Tarvisium and the Pieropans admit that Michele Pieropan, on behalf of Tarvisium, emailed Dukat on July 17, 2018. The communication speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

178. Tarvisium and the Pieropans admit that Michele Pieropan, on behalf of Tarvisium, emailed Dukat on July 23, 2018. The communication speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

179. Tarvisium and the Pieropans admit that the parties entered into an amended Asset Purchase Agreement that included a number of changes, including a change to the closing date, but deny the remaining allegations of this paragraph.

180. Tarvisium and the Pieropans admit that Michele Pieropan, on behalf of Tarvisium, emailed Dukat on July 23, 2018. The communication speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

181. Tarvisium and the Pieropans admit that Michele Pieropan, on behalf of Tarvisium, executed the Amended and Restated Asset Purchase Agreement on or about July 23, 2018. The Agreement speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

182. Tarvisium and the Pieropans admit that Michele Pieropan, on behalf of Tarvisium, executed the Amended and Restated Asset Purchase Agreement on or about July 23,

4

2018. The Agreement speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

183. Tarvisium and the Pieropans admit that Michele Pieropan, on behalf of Tarvisium, received a non-binding proposed term sheet from Wells Fargo on or about July 30, 2018. That non-binding term sheet is not consistent with the allegations of paragraph 183 and will speak for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

184. Tarvisium and the Pieropans deny the allegations of this paragraph.

185. Tarvisium and the Pieropans deny the allegations of this paragraph.

186. Tarvisium and the Pieropans admit that Wells Fargo proposed financing terms in its communication to Michele Pieropan dated July 30, 2018. The communication speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

187. Tarvisium and the Pieropans admit that Michele Pieropan, on behalf of Tarvisium, communicated the financing terms proposed by Wells Fargo to Dukat on July 30, 2018. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

188. Tarvisium and the Pieropans admit that Michele Pieropan, on behalf of Tarvisium, communicated the financing terms proposed by Wells Fargo to Dukat on July 30, 2018, and Dukat accepted those terms. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

189. Tarvisium and the Pieropans deny the allegations of this paragraph.

190. Tarvisium and the Pieropans deny the allegations of this paragraph.

191. Tarvisium and the Pieropans admit that Defendants and Tarvisium discussed the financing and terms of the Ancillary Agreements in September 2018. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

192. Tarvisium and the Pieropans admit that Michele Pieropan, on behalf of Tarvisium, conducted the application process through Wells Fargo for the acquisition of Essential Hardware. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

193. Tarvisium and the Pieropans lack sufficient information to admit or deny the allegations of this paragraph and therefore deny the same.

194. Tarvisium and the Pieropans lack sufficient information to admit or deny the allegations of this paragraph and therefore deny the same.

195. Tarvisium and the Pieropans admit that Michele Pieropan, on behalf of Tarvisium, conducted the application process through Wells Fargo for the acquisition of Essential Hardware. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

196. Tarvisium and the Pieropans admit that Michele Pieropan, on behalf of Tarvisium, conducted the application process through Wells Fargo for the acquisition of Essential Hardware. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

197. Tarvisium and the Pieropans admit that Michele Pieropan, on behalf of Tarvisium, conducted the application process through Wells Fargo for the acquisition of Essential Hardware. Tarvisium and the Pieropans also admit that Wells Fargo declined the financing application because the SBA declared a moratorium on all financing for eCommerce-

related acquisitions. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

198. Tarvisium and the Pieropans admit that Michele Pieropan, on behalf of Tarvisium, conducted the application process through Wells Fargo for the acquisition of Essential Hardware. Tarvisium and the Pieropans also admit that Wells Fargo declined the financing application because the SBA declared a moratorium on all financing for eCommerce-related acquisitions. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

199. Tarvisium and the Pieropans deny the allegations of this paragraph.

200. Tarvisium and the Pieropans admit that, per the Transition Services Agreement, training officially started post-closing on October 1, 2018. Tarvisium and the Pieropans also admit that Ana Pieropan and Eric Chadwick went to the Defendants' office for a three-day training program on October 9, 2018. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

201. Tarvisium and the Pieropans deny the allegations in this paragraph.

202. Tarvisium and the Pieropans admit that Elliot Kattan and Michele Pieropan, on behalf of Tarvisium, discussed alternative scenarios for financing the deal on September 6, 2018, and Elliot Kattan suggested having Dukat extend 100% seller financing to complete the acquisition. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

203. Tarvisium and the Pieropans deny the allegations in this paragraph.

204. Tarvisium and the Pieropans deny the allegations in this paragraph.

205. Tarvisium and the Pieropans deny the allegations in this paragraph.

206. Tarvisium and the Pieropans lack sufficient information to admit or deny the allegations of this paragraph and therefore deny the same.

207. Tarvisium and the Pieropans deny the allegations in this paragraph.

208. Tarvisium and the Pieropans lack sufficient information to admit or deny the allegations of this paragraph and therefore deny the same.

209. Tarvisium and the Pieropans admit that Elliot Kattan and Michele Pieropan, on behalf of Tarvisium, discussed alternative scenarios for financing the deal on September 6, 2018, and Elliot Kattan suggested having Dukat extend 100% seller financing to complete the acquisition. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

210. Tarvisium and the Pieropans deny the allegations in this paragraph.

211. Tarvisium and the Pieropans admit that Tarvisium executed a Promissory Note. The Promissory Note speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

212. Tarvisium and the Pieropans admit that Michele Pieropan, on behalf of Tarvisium, and Elliot Kattan exchanged emails on September 19, 2019. The emails speak for themselves. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

213. Tarvisium and the Pieropans deny the allegations in this paragraph.

214. Tarvisium and the Pieropans deny the allegations in this paragraph.

215. Tarvisium and the Pieropans admit the allegations in this paragraph.

216. Tarvisium and the Pieropans admit that the inventory was shut down, but Tarvisium and the Pieropans had no knowledge of the shut down at the time of closing. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

8

217. Tarvisium and the Pieropans admit that the inventory was shut down but Tarvisium and the Pieropans had no knowledge of the shut down at the time of closing. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

218. Tarvisium and the Pieropans admit the allegations in this paragraph.

219. Tarvisium and the Pieropans admit that Tarvisium entered into the Security Agreement. The Agreement speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

220. Tarvisium and the Pieropans admit that Tarvisium entered into the Security Agreement. The Agreement speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

221. Tarvisium and the Pieropans admit that Tarvisium entered into the Asset Purchase Agreement and Ancillary Agreements. The Agreements speak for themselves. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

222. This paragraph contains no allegations to which a response is required.

223. Tarvisium and the Pieropans deny the allegations in this paragraph.

224. Tarvisium and the Pieropans deny the allegations in this paragraph.

225. Tarvisium and the Pieropans deny the allegations in this paragraph.

226. Tarvisium and the Pieropans deny the allegations in this paragraph.

227. Tarvisium and the Pieropans admit that Tarvisium entered into the Transition Service Agreement. The Agreement speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

228. Tarvisium and the Pieropans admit that Tarvisium entered into the Transition Service Agreement. The Agreement speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

229. Tarvisium and the Pieropans admit that Tarvisium entered into the Transition Service Agreement. The Agreement speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

230. Tarvisium and the Pieropans admit the allegations in this paragraph.

231. Tarvisium and the Pieropans deny the allegations in this paragraph.

232. Tarvisium and the Pieropans deny the allegations in this paragraph.

233. Tarvisium and the Pieropans admit that Amber Arnold's plans to provide training were cancelled after multiple prior failed attempts to get Ms. Arnold to provide training. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

234. Tarvisium and the Pieropans deny the allegations in this paragraph.

235. Tarvisium and the Pieropans admit that Tarvisium entered into the Software Service Agreement. The Agreement speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

236. Tarvisium and the Pieropans deny the allegations in this paragraph.

237. Tarvisium and the Pieropans deny the allegations in this paragraph.

238. Tarvisium and the Pieropans deny the allegations in this paragraph.

239. Tarvisium and the Pieropans admit the allegations in this paragraph.

240. Tarvisium and the Pieropans admit that Tarvisium stopped making Promissory Note payments by January 1, 2019. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

241. Tarvisium and the Pieropans admit that Dukat emailed Tarvisium about the Promissory Note on January 2, 2019. The email speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

242. Tarvisium and the Pieropans admit the allegations in this paragraph.

243. Tarvisium and the Pieropans admit that Tarvisium did not pay certain invoices, but deny those payments were required under the Software Services Agreement and by the Services Agreement, and Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

244. Tarvisium and the Pieropans deny the allegations in this paragraph.

245. Tarvisium and the Pieropans admit that Tarvisium stopped making Promissory Note payments by January 1, 2019. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

246. Tarvisium and the Pieropans admit that Dukat emailed Tarvisium about the Promissory Note on February 4, 2019. The email speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

247. Tarvisium and the Pieropans deny the allegations in this paragraph.

248. Tarvisium and the Pieropans deny the allegations in this paragraph.

249. Tarvisium and the Pieropans admit that Tarvisium stopped making Promissory Note payments by January 1, 2019. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

250. Tarvisium and the Pieropans deny the allegations in this paragraph.

251. Tarvisium and the Pieropans deny the allegations in this paragraph.

252. Tarvisium and the Pieropans admit that Dukat sent a letter to Tarvisium on March 6, 2019. The letter speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

253. Tarvisium and the Pieropans admit that Dukat sent a letter to Tarvisium on March 6, 2019. The letter speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

254. Tarvisium and the Pieropans deny the allegations in this paragraph.

255. Tarvisium and the Pieropans deny the allegations in this paragraph.

256. Tarvisium and the Pieropans deny the allegations in this paragraph.

257. Tarvisium and the Pieropans deny the allegations in this paragraph.

258. Tarvisium and the Pieropans deny the allegations in this paragraph.

259. Tarvisium and the Pieropans deny the allegations in this paragraph.

260. Tarvisium and the Pieropans deny the allegations in this paragraph.

261. Tarvisium and the Pieropans deny the allegations in this paragraph.

262. Tarvisium and the Pieropans deny the allegations in this paragraph.

263. Tarvisium and the Pieropans deny the allegations in this paragraph.

## COUNT I
## BREACH OF AGREEMENT

264. Tarvisium and the Pieropans incorporate by reference the preceding paragraphs as though fully set forth herein.

265. Tarvisium and the Pieropans deny the allegations in this paragraph.

266. Tarvisium and the Pieropans deny the allegations in this paragraph.

267. Tarvisium and the Pieropans deny the allegations in this paragraph.

268. Tarvisium and the Pieropans deny the allegations in this paragraph.

269. Tarvisium and the Pieropans deny the allegations in this paragraph.

270. Tarvisium and the Pieropans deny the allegations in this paragraph.

271. Tarvisium and the Pieropans deny the allegations in this paragraph.

272. Tarvisium and the Pieropans deny the allegations in this paragraph.

273. Tarvisium and the Pieropans deny the allegations in this paragraph.

274. Tarvisium and the Pieropans deny the allegations in this paragraph.

275. Tarvisium and the Pieropans deny the allegations in this paragraph.

276. Tarvisium and the Pieropans deny the allegations in this paragraph.

277. Tarvisium and the Pieropans deny the allegations in this paragraph.

278. Tarvisium and the Pieropans deny the allegations in this paragraph.

279. Tarvisium and the Pieropans deny the allegations in this paragraph.

## COUNT II
## FRAUD

280. Tarvisium and the Pieropans incorporate by reference the preceding paragraphs as though fully set forth herein.

281. Tarvisium and the Pieropans deny the allegations in this paragraph.

282. Tarvisium and the Pieropans deny the allegations in this paragraph.

283. Tarvisium and the Pieropans deny the allegations in this paragraph.

284. Tarvisium and the Pieropans deny the allegations in this paragraph.

285. Tarvisium and the Pieropans deny the allegations in this paragraph.

286. Tarvisium and the Pieropans deny the allegations in this paragraph.

287. Tarvisium and the Pieropans deny the allegations in this paragraph.

288. Tarvisium and the Pieropans deny the allegations in this paragraph.

289. Tarvisium and the Pieropans deny the allegations in this paragraph.

290. Tarvisium and the Pieropans deny the allegations in this paragraph.

291. Tarvisium and the Pieropans deny the allegations in this paragraph.

## COUNT III
## FRAUD IN THE INDUCEMENT

292. Tarvisium and the Pieropans incorporate by reference the preceding paragraphs as though fully set forth herein.

293. Tarvisium and the Pieropans deny the allegations in this paragraph.

294. Tarvisium and the Pieropans deny the allegations in this paragraph.

295. Tarvisium and the Pieropans deny the allegations in this paragraph.

296. Tarvisium and the Pieropans deny the allegations in this paragraph.

297. Tarvisium and the Pieropans deny the allegations in this paragraph.

298. Tarvisium and the Pieropans deny the allegations in this paragraph.

299. Tarvisium and the Pieropans deny the allegations in this paragraph.

300. Tarvisium and the Pieropans deny the allegations in this paragraph.

301. Tarvisium and the Pieropans deny the allegations in this paragraph.

## COUNT IV
## COMMON LAW COPYRIGHT INFRINGEMENT

302. Tarvisium and the Pieropans incorporate by reference the preceding paragraphs as though fully set forth herein.

303. Tarvisium and the Pieropans deny the allegations in this paragraph.

304. Tarvisium and the Pieropans deny the allegations in this paragraph.

305. Tarvisium and the Pieropans deny the allegations in this paragraph.

306. Tarvisium and the Pieropans deny the allegations in this paragraph.

307. Tarvisium and the Pieropans deny the allegations in this paragraph.

308. Tarvisium and the Pieropans admit that Dukat sent a letter to Tarvisium on March 6, 2019. The letter speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

309. Tarvisium and the Pieropans deny the allegations in this paragraph.

310. Tarvisium and the Pieropans deny the allegations in this paragraph.

311. Tarvisium and the Pieropans deny the allegations in this paragraph.

312. Tarvisium and the Pieropans deny the allegations in this paragraph.

313. Tarvisium and the Pieropans deny the allegations in this paragraph.

314. Tarvisium and the Pieropans deny the allegations in this paragraph.

315. Tarvisium and the Pieropans deny the allegations in this paragraph.

316. Tarvisium and the Pieropans deny the allegations in this paragraph.

317. Tarvisium and the Pieropans deny the allegations in this paragraph.

## COUNT V
## NEGLIGENT MISREPRESENTATION/MISREPRESENTATION

318. Tarvisium and the Pieropans incorporate by reference the preceding paragraphs as though fully set forth herein.

319. Tarvisium and the Pieropans deny the allegations in this paragraph.

320. Tarvisium and the Pieropans deny the allegations in this paragraph.

321. Tarvisium and the Pieropans deny the allegations in this paragraph.

322. Tarvisium and the Pieropans deny the allegations in this paragraph.

323. Tarvisium and the Pieropans deny the allegations in this paragraph.

## COUNT VI
## DECLARATORY JUDGMENT

324. Tarvisium and the Pieropans incorporate by reference the preceding paragraphs as though fully set forth herein.

325. Tarvisium and the Pieropans deny the allegations in this paragraph.

326. Tarvisium and the Pieropans deny the allegations in this paragraph.

327. Tarvisium and the Pieropans deny the allegations in this paragraph.

328. Tarvisium and the Pieropans deny the allegations in this paragraph.

329. Tarvisium and the Pieropans deny the allegations in this paragraph.

330. Tarvisium and the Pieropans deny the allegations in this paragraph.

331. Tarvisium and the Pieropans deny the allegations in this paragraph.

332. Tarvisium and the Pieropans deny the allegations in this paragraph.

## COUNT VII
## BREACH OF AGREEMENT

333. Tarvisium and the Pieropans incorporate by reference the preceding paragraphs as though fully set forth herein.

334. Tarvisium and the Pieropans deny the allegations in this paragraph.

335. Tarvisium and the Pieropans deny the allegations in this paragraph.

336. Tarvisium and the Pieropans deny the allegations in this paragraph.

337. Tarvisium and the Pieropans admit that Tarvisium stopped making Promissory Note payments by January 1, 2019. Tarvisium and the Pieropans deny any remaining allegations in this paragraph.

338. Tarvisium and the Pieropans deny the allegations in this paragraph.

339. Tarvisium and the Pieropans deny the allegations in this paragraph.

340. Tarvisium and the Pieropans admit that Tarvisium entered into a Services Agreement. The Agreement speaks for itself. Tarvisium and the Pieropans deny any allegations inconsistent therewith and deny any remaining allegations in this paragraph.

341. Tarvisium and the Pieropans deny the allegations in this paragraph.

## COUNT VIII
## QUANTUM MERUIT

342. Tarvisium and the Pieropans incorporate by reference the preceding paragraphs as though fully set forth herein.

343. Tarvisium and the Pieropans deny the allegations in this paragraph.

344. Tarvisium and the Pieropans deny the allegations in this paragraph.

345. Tarvisium and the Pieropans deny the allegations in this paragraph.

346. Tarvisium and the Pieropans deny the allegations in this paragraph.

347. Tarvisium and the Pieropans deny the allegations in this paragraph.

348. Tarvisium and the Pieropans deny the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

349. Defendants' Counterclaims and Third-Party Claims fail to state a claim upon which relief can be granted.

350. Tarvisium and the Pieropans incorporate herein by reference each of the counts set forth in their First Amended Complaint which also serve as a bar to Defendants' Counterclaims and Third-Party Claims, including but not limited to, claims for fraudulent and negligent inducement.

351. Defendants' Counterclaims and Third-Party Claims name the wrong party.

352. Defendants' Counterclaims and Third-Party Claims are barred by their prior material breach of the Asset Purchase Agreement and Ancillary Agreements.

353. Defendants' Counterclaims and Third-Party Claims engaged in negligent acts and/or omissions that proximately caused its damages.

354. Defendants' Counterclaims and Third-Party Claims are barred for having failed to exercise reasonable care and diligence to mitigate any alleged damages.

355. Defendants' Counterclaims and Third-Party Claims are barred by the doctrines of waiver, laches, and estoppel.

356. Defendants' damages, if any, were not proximately caused by any breach of the Asset Purchase Agreement by Tarvisium.

357. Defendants have not performed all conditions precedent required by the Asset Purchase Agreement to assert its claim for breach of contract.

358. Defendants' Counterclaim and Third-Party claim for "Common Law Copyright Infringement" is pre-empted by federal statutory law and/or otherwise barred for failure to register for copyright protection.

359. Tarvisium and the Pieropans reserve the right to assert additional affirmative defenses in the future.

WHEREFORE, Tarvisium and the Pieropans respectfully request that the Court deny Defendants' Counterclaims and Third-Party Claims and enter such other and further relief as the Court deems just and proper.

Dated: September 16, 2019

**POLSINELLI PC**

By: */s/ Todd H. Bartels*
TODD H. BARTELS    MO #45677
ROBERT V. SPAKE, JR.    MO #66813
ELIZABETH MARDEN    MO #70215
900 W. 48th Place, Suite 900
Kansas City, MO 64112
(816) 753-1000
tbartels@polsinelli.com
rspake@polsinelli.com
lmarden@polsinelli.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing was electronically filed on the 16th day of September 2019 with the United States District Court for the Western District of Missouri using the CM/ECF system which will send notification of such filing to all parties requesting electronic notice.

      */s/ Todd H. Bartels*
      Attorney for Plaintiffs