IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TARVISIUM HOLDINGS, LLC, and 45N12E, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:19-CV-0086-DGK |
| DUKAT, LLC, 36LOWER, INC., ELLIOTT KATTAN, and BEN SCHWARTZ, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

This lawsuit arises from Plaintiffs' purchase of an e-Commerce business, Essential Hardware. Now before the Court is, once again, the discovery dispute between the parties concerning the discovery of electronically stored information ("ESI") and Plaintiffs' Renewed Motion to Compel Defendants' Discovery and for Sanctions (Doc. 74). The motion is GRANTED IN PART.

**Facts**

Plaintiffs filed this lawsuit in February 2019. Four months later, the Court entered its first scheduling order (Doc. 34), which included a discovery deadline of November 15, 2019; dispositive motion deadline of December 16, 2019; pretrial conference setting for June 22, 2020; and trial setting to begin on July 13, 2020.

On August 23, 2019, Plaintiffs filed a motion to extend the scheduling order's deadlines (Doc. 57), which outlined several discovery issues, namely that Defendants had failed to engage

meaningfully in discovery. Defendants agreed an amended scheduling order was necessary (Doc. 62).

Four days later, Plaintiffs filed a brief addressing their concerns regarding Defendants' failure to comply with the principles of discovery for ESI (Doc. 58). Defendants' response accused Plaintiffs of also failing to complete discovery (Doc. 59). Defense counsel stated they have repeatedly informed their clients of their duty to preserve and retain all relevant information, and they answered some concerns Plaintiffs have about the collection of ESI. In their responsive briefing, Plaintiffs offered to meet and confer about the issues.

Thus, on September 2, 2019, the Court issued an order (Doc. 63) to aid all parties to better facilitate discovery and meet deadlines. The Court noted that the ESI Principles promulgated by the Court for the Western District of Missouri, including going through the recommended checklist during a Rule 26(f) meet and confer conference at the outset of discovery, would help the parties resolve any remaining ESI disputes and avoid future disputes over ESI. To ensure counsel communicate effectively and minimize discovery problems related to ESI, the Court ordered the following:

> Lead counsel for the parties shall participate in a meet-and-confer conference by September 10, 2019. At this conference, lead counsel shall be prepared to discuss: (1) Defendants' *and* Plaintiffs' ESI systems; (2) the specific steps that have been taken to preserve them; (3) appropriate ESI date ranges, sender, receiver, custodian, search terms, and similar parameters. The parties shall use the ESI checklist promulgated by the Court to guide these discussions. Additionally, lead counsel shall also be prepared to discuss (4) any specific concerns Defendants have with respect to ESI or traditional discovery in this case. To ensure Plaintiffs are prepared to discuss any discovery concerns Defendants may have, Defendants shall notify Plaintiffs in writing at least 24 hours before this meeting of any specific discovery concerns they would like the parties to address.

(Doc. 63 at 2). Ten days later, the Court amended the scheduling order (Doc. 67). As is relevant here, the Court ordered ESI to be substantially produced by September 30, 2019, and it extended the discovery deadline to January 21, 2020.

On November 5, 2019, Plaintiffs' counsel filed a motion to compel discovery (Doc. 69). Plaintiffs argued that Defendants had failed to meaningfully participate in discovery or to fulfill their discovery obligations. In response, Defendants acknowledged their failure but represented to Plaintiffs—and to this Court—that they would fulfill their discovery obligations "within approximately two (2) to three (3) weeks…" or by December 10, 2019. (Doc. 70 at 4). The Plaintiffs agreed to this timeline, and the Court denied Plaintiffs' motion to compel as moot (Doc. 69).

When Defendants did not meet their December 10, 2019 deadline, Plaintiffs filed this renewed motion to compel discovery and for sanctions (Doc. 74). Plaintiffs' counsel suggest that Defendants' counsel have provided woefully insufficient responses to document requests for over six months. Plaintiffs seek the production of documents and ESI stemming from its First Requests for Production and Interrogatories, which was served on Defendants on May 17, 2019.

Defendants respond (Doc. 76), arguing that Plaintiffs only just completed their document production for ESI on December 6, 2019. Defendants also argue that Plaintiffs have failed to respond to their requests for discovery sent on or about May 3, 2019.

In their reply brief (Doc. 77), Plaintiffs acknowledge that Defendants' refusal to engage meaningfully in discovery has delayed their own production. Plaintiffs also note that Defendants have not filed any discovery motion against them, and to date, only Plaintiffs have meaningfully fulfilled their discovery obligations. Plaintiffs argue that Defendants refused to even engage in discussion about search terms and ESI related issues before and *after* the Court's September 30, 2019 deadline for the parties to produce ESI. Despite Defendants' stonewalling, Plaintiffs nonetheless completed their production of 95% of its documents and ESI.

Plaintiffs now move for the Court to issue an order: "(1) compelling Defendants to produce the documents requested by Plaintiffs in their May 17, 2019 requests by December 20, 2019; (2) award Plaintiffs their attorneys' fees, costs, and expenses for bringing both motions to compel; (3) strike Defendants' pleadings; and (4) enter an order of default judgment if Defendants do not comply with this Renewed Motion to Compel" (Doc. 74 at 1).

**Standard**

Federal Rule of Civil Procedure 26 imposes various affirmative duties on litigants to search for and disclose information during the discovery process. Rule 26(a)(1)(A)(ii) states that a party must provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Also, Rule 26(e) requires a party who has made a disclosure under 26(a) to supplement or correct its disclosure "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(b)(2) allows the Court to impose sanctions upon those parties who fail to comply with discovery orders, but a default judgment may only be considered as a sanction if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party. *See Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000), (citing *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)); *see also Mems v. City of St. Paul, Dep't of Fire and Safety Servs.*, 327 F.3d 771, 779 (8th Cir. 2003). Further, "a district court has wide discretion to impose sanctions for a party's failure to comply with discovery

requests." *United States v. Big D Enterprises, Inc.*, 184 F.3d 924, 936 (8th Cir. 1999); *see also, Collins v. Burg*, 169 F.3d 563, 565 (8th Cir. 1999) (Rule 37 "gives a district court broad authority to impose sanctions for failure to respond to discovery requests."); *Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992) ("Rule 37(b)(2)(C) authorizes the Court to exercise discovery abuse sanctions by dismissing a parties' action, or striking pleadings or entering a default judgment against the abusive litigant."). Notwithstanding the broad discretion authorized by the applicable Rules, within this Circuit, the sanction of a default judgment is recognized as a harsh means of relief, which is reserved for those instances where the discovery abuses are committed in bad faith, or are deliberate, intentional, or willful. *See Boogaerts*, 961 F.2d at 768; *Savola v. Webster*, 644 F.2d 743, 745–46 (8th Cir. 1981) (where sanction of dismissal or default is imposed, range of discretion is narrower, and the losing party's noncompliance must be due to willfulness or bad faith).

Similarly, entering default judgment as a discovery sanction is not favored in the law and is "only appropriate where there has been a clear record of delay or contumacious conduct." *Taylor v. City of Ballwin, Missouri*, 859 F.2d 1330, 1332 (8th Cir. 1988) (citing *E.F. Hutton & Co. v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972)) (distinguishing marginal discovery compliance failures with "willful violations of court rules, contumacious conduct or intentional delays").

## Discussion

Defendants' willful, intentional decision to not meaningfully engage in discovery calls for sanctions. On May 17, 2019, Plaintiffs made their First Requests for Production, and since that time, Defendants' have failed to meaningful respond, producing on twenty-five documents in this case despite representing that they possess a significant number of potentially relevant documents. Defendants' inaction is an attempt to further delay discovery to which Plaintiffs are

entitled, and their failure violates this Court's orders setting deadlines for such discovery (Docs. 67, 72). What is more concerning is that Defendants suggested and agreed to the December 10, 2019 deadline yet still failed to produce the discovery by their own deadline. Based on Defendants' prior conduct, the Court finds their latest request for an additional four weeks to complete discovery unavailing; it is nothing more than an attempt to stall this litigation.

Because of Defendants' repeated failure to comply with their discovery obligations, Plaintiffs' motion to compel discovery is GRANTED. Defendants are ordered to fully respond to Plaintiffs' discovery requests within seven days of this Order. Specifically, Defendants must respond to Plaintiffs' May 17, 2019, discovery requests in their entirety, provide documents in connection with their Rule 26 disclosures, and all related ESI.

At this time, the Court DENIES Plaintiffs' request to strike Defendants' pleadings and to enter default judgment. The Court is mindful of Plaintiffs' concerns that Defendants have delayed the instant proceedings by failing to meaningfully participate in discovery to Plaintiffs' detriment. Nonetheless, the Court finds that the necessary level of willful and intentional delay, or contumacious conduct, warranting a default judgment is not yet present in this case. *See Hanover Insurance Company v. Harding Enterprises, LLC* 2018 WL 999981, (Feb. 21, 2018 E.D. Mo.) (granting default judgment for failure to meaningfully engage in discovery process). Defendants have provided twenty-five documents so far, which is woefully insufficient. Defendants have also repeatedly recognized that they have access to such information, and they are working on a way to produce such discovery to Plaintiff. Defendants are cautioned, however, that their failure to fully respond to Plaintiffs' discovery requests may result in the striking Defendants' pleadings and entry of default judgment.

Nevertheless, the Court does find it appropriate to award Plaintiffs' attorneys' fees, costs, and expenses. Federal Rule of Civil Procedure 37(a)(5)(A) provides that a court must require the party whose conduct necessitated the motion to compel to pay the movant's "reasonable expenses incurred in making the motion, including attorney's fees." The court must not order this payment if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

Defendants' failure to engage in discovery required Plaintiffs to file two separate motions to compel discovery (Docs. 69, 74), wasting not only Plaintiffs' resources but the Court's as well. The record shows that Plaintiff attempted to obtain the disclosure of discovery without court action on more than one occasion, and Defendants have failed to show that their nondisclosure is substantially justified. Instead, the record shows that Defendants failed to meet their ESI deadline despite several extensions and court orders requiring them to do so (Docs. 63, 67, 72). The Court also notes that the latter two deadlines were set at the suggestion of Defendants, and they still failed to meet those deadlines.

Thus, Plaintiffs' motion for attorneys' fees, costs, and expenses for both motions to compel is GRANTED (Docs. 69, 74). Plaintiffs are ordered to submit an affidavit or other documentary proof of the fees and costs associated with their motions to compel.

## Conclusion

Plaintiffs' Motion is GRANTED IN PART. Defendants shall complete responsive discovery as described in this order on or before January 17, 2020. Plaintiffs shall submit documentation their attorneys' fees, costs, and expenses for both motions to compel (Docs. 69,

74), so the Court may award appropriate fees.  The Court declines to strike Defendants' pleadings and enter judgment at this time.

**IT IS SO ORDERED.**

Date:  January 10, 2020   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT