**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

TARVISIUM HOLDINGS, LLC, and 45N12E, LLC,

Plaintiffs/Counter Defendants,

v.

DUKAT, LLC, 36LOWER, INC., ELLIOTT KATTAN, MOURAD ("MITCH") KATTAN, and BEN SCHWARTZ,

Defendants/Counter Plaintiffs,

v.

ANA PIEROPAN, and MICHELE PIEROPAN,

Third-Party Defendants.

No. 4:19-CV-0086-DGK

**ORDER IMPOSING SANCTIONS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER**

This lawsuit arises from Plaintiffs' purchase of an e-Commerce business, Essential Hardware, from Defendant Dukat, LLC. Plaintiffs allege that Defendants used unlawful methods to induce Plaintiff Tarvisium to buy the business, including misrepresenting Essential Hardware's financial health during negotiations by inflating the company's historical sales and profitability. Defendants have counterclaimed against Plaintiffs and their principals for breach of the sales agreement by failing to make payments on promissory notes to buy the business.

Now before the Court is Plaintiffs' combined motion to compel Defendants' compliance with the Court's October 22, 2020, discovery order ("the Order") and request for sanctions, including a request to strike Defendants' pleadings. ECF No. 170.

The Court finds Defendants failed to comply with the Order, and this failure was not justified or excusable. The Court notes Defendants have a history of failing to comply with their discovery obligations in this case, and the Court previously ordered Defendants to pay $6,645.00 in attorneys' fees under Rule 26(c)(3) and Rule 37(a)(5)(B). Accordingly, pursuant to Rule 37, the Court orders Defendants to pay Plaintiffs $20,000 as a sanction. The Court also orders Defendants to pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred as a result of Defendants' failure to comply with the Order.

## Standard

Rule 37(b)(2)(A) provides that if a party or party's officer "fails to obey an order to provide or permit discovery," the court may issue a "just" order. Rule 37(b) gives a court "broad discretion to fashion its own remedy for a party's violation of a discovery order." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 705 (8th Cir. 2018). The order may include directing that certain facts be taken as established for purposes of the action; striking pleadings in whole or in part; rendering a default judgment against the disobedient party; or treating the failure to obey the prior order as contempt of court. A court's "discretion to fashion a remedy or sanction for discovery violations under Rule 37 is not absolute." *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011). A court's authority "narrows as the severity of the sanction or remedy it elects increases." *Id.*

If the court finds there is a violation of a discovery order, "the court *must* order the disobedient party, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). The burden is on the party who violated the discovery order to prove harmlessness or

justification. *See First Am. State Bank v. Cont'l Ins. Co.*, 897 F.2d 319, 331 (8th Cir. 1990) (considering sanctions pursuant to Rule 37(b)(2) for failure to comply with a court order).

**Background**

This case was filed on February 4, 2019. Although the subject of the litigation is a relatively straightforward business dispute, discovery has taken two years to complete because Defendants have dragged their feet in complying with their discovery obligations. *See*, *e.g.*, Order Granting In Part Mot. to Compel Disc. at 6, ECF No. 78 (granting motion to compel because Defendants repeatedly failed to provide electronically stored information).

On July 23, 2020, Plaintiffs served their Second Request for Production of Documents on Defendants. The Court subsequently ordered a discovery dispute teleconference with the parties pursuant to Local Rule 37.1, in part to discuss Defendants' objections and lack of production in response to Plaintiffs RFPs.[1] After receiving expedited briefing from the parties, the Court held a recorded teleconference with the parties on October 22, 2020. Later that day, the Court issued the Order which overruled all of Defendants' objections and directed them to "provide all of the requested discovery by November 2, 2020." Order on Second Disc. Dispute at 2, ECF No. 135.

Instead of producing the documents, Defendants filed a motion for extension of time on the day they were due.

On November 5, Defendants served their Supplemental Answers to the Second Request for Production ("RFP"), ECF No. 170-1, and produced some responsive documents. Defendants also claimed, for the first time, that responsive documents did not exist for some of Plaintiffs' requests.

[1] The other reason was Defense counsel's creating or exacerbating deposition scheduling problems by indicating his client was available when he was not, cancelling previously scheduled depositions, and then failing to respond to Plaintiff's counsel's communications concerning alternate scheduling dates. Order on Second Disc. Dispute at 2, ECF No. 135.

On November 9, the parties conferred regarding Defendants' November 5 production. On November 10, Plaintiffs emailed Defendants a detailed list of deficiencies. On November 13, three attorneys from Bryan Cave Leighton Paisner LLP, ("new Defense counsel") entered their appearance for Defendants as additional counsel.[2] On November 16, Defendants responded to Plaintiffs' detailed list of deficiencies.

Plaintiffs contacted the Court with their concerns about Defendants' compliance, and on November 20 the Court set a discovery dispute teleconference pursuant to Local Rule 37.1. The order setting the hearing stated the purpose was to "address Plaintiffs' concerns that Defendants have not produced documents responsive to RFP Nos. 52, 53, 59, 60, 61, 63, and 65 as required by the Court's Order dated October 22, 2020, and that Defendants' response to RFP 62 violates Rule 26(g)."

That same day, new Defense counsel spoke with Plaintiffs' counsel and the parties were able to resolve some of Plaintiffs' concerns. Following that phone call, all of Defendant's attorneys conferred and began searching for more responsive documents. As the parties filed expedited briefing over the next few days, ECF Nos. 170-71 (filed November 21, 2020), and 173-74 (filed November 23, 2020), Defendants produced additional documents.

On November 24, 2020, the Court held a hearing on the record and received oral argument from the parties.

**Discussion**

As evidenced by the Defendants' failure to provide documents until after the November 2 deadline, and as Defendants essentially conceded during oral argument, Defendants did not

[2] The Court does not believe any of these three attorneys bears any responsibility for Defendants' failure to provide discovery or comply with the Order.

comply with the Order, at least not by the November 2 deadline. The question before the Court is whether this failure merits sanctions. The Court holds it does.

Defendants' explanation for why the requested documents were not produced by the November 2 deadline is unpersuasive. It appears Defendants did not begin to look very hard for responsive documents—if they looked at all—until after November 2. Exactly why is unclear. At any rate, nothing in the record indicates Defendants had a legitimate reason to miss the deadline—a deadline which the Court set three months after Plaintiffs initially propounded the interrogatories. Thus Defendants' failure to comply with the Order was unjustified.

Two examples illustrate the egregious nature of Defendants' failure to comply. First, during discovery Plaintiffs learned Defendants kept regularly updated financial planning and budgeting information on computer files named "Forecast" and "Napkin." On July 23, 2020, Plaintiffs accordingly propounded RFP 52 and 53 on Defendants. RFP 52 sought "[a]ll Excel files referred to or named 'forecast' for the years 2017 and 2018." RFP 53 sought "[a]ll Excel files or other document format referred to as 'napkin' for the years 2017 and 2018." Defs.' Objs. and Resps. To Pls.' Second RFP of Docs. at 1-2, ECF No. 170-1. Such information about the real financial health of the purchased business is central to the issues in this case.

Instead of promptly producing such files, Defendants responded by making multiple borderline frivolous objections, including arguing the RFPs were unduly burdensome and confusing because Defendants allegedly did "not know what documents Plaintiffs were describing as 'forecasts'" or "describing as 'napkin.'" *Id*. These objections were premised on misreading the RFPs as seeking any documents described as or containing the words "forecasts" or "napkin" when the text of the request plainly shows Plaintiffs sought only computer files *named* "Forecast" or "Napkin." After the Order overruled these objections and instructed

Defendants to produce these files, Defendants claimed—for the first time—that they had no such files to produce. (Of course, if that were true, then it is hard to see how their objection that the request was unduly burdensome was made after a reasonable inquiry or had any factual basis.) Finally, during the teleconference Defendants acknowledged that they did, in fact, have such files, perhaps even older versions of them. It is not clear whether older versions of these files have been irretrievably lost or overwritten as a result of Defendants' delay in producing them.

Second, Defendants even failed to comply with Plaintiffs' request for something as simple as IRS 1099 forms for a four-year period as sought by RFP 61. *See id*. Plaintiffs' requested this information on July 23, 2020. Defendants then asserted boilerplate objections. The Court overruled Defendants' objections and ordered their production by November 2. For no apparent reason, Defendants did not begin producing these records until November 21, almost three weeks after the deadline.

The Court finds Defendants violated the Order without justification. Given the obvious violations here, the fact that the Court previously sanctioned Defendants, and the Court's previous warning to Defendants that any additional failure to comply with their discovery obligations would carry sanctions up to and including striking their pleadings, the Court holds a sanction is merited. The Court holds that ordering Defendants to pay Plaintiffs $20,000 and pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred as a result of Defendants' failure to comply with the Order is a just sanction under the circumstances. The amount of these expenses will be set in a subsequent order after the parties have briefed the issue.

The Court considered striking Defendants' pleadings, but it declines to do so for several reasons. First, Defendants have taken substantial steps to comply with the Order, albeit belatedly, and the Court is optimistic that the addition of new Defense counsel will ensure

compliance. Second, Defendants' failure to comply with the Order has not irreparably prejudiced Plaintiffs. A lesser sanction of a substantial monetary penalty combined with requiring Defendants to pay Plaintiffs' reasonable costs incurred by the failure to abide by the order, is sufficient to cure the harm here and punish Defendants. Finally, the Court is not convinced that Defendants failure to abide by the Order was intentional instead of just grossly negligent.

Where, as here, the Court finds there is a violation of a discovery order, it "*must* order the disobedient party, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Defendants have not shown their failure to comply with the Order was justified, and Defendants have harmed Plaintiffs by thwarting the efficient prosecution of their claims and defenses and needlessly increasing their litigation costs. With respect to who should bear these costs, the Court is not convinced Defense counsel are responsible for these failures, so the sanction is imposed against Defendants only, albeit jointly and severally.

**Conclusion**

For the reasons discussed above, Plaintiffs' motion for sanctions is GRANTED. Defendants shall pay Plaintiffs $20,000 as a monetary sanction and pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred as a result of Defendants' failure to comply with the Order. Defendants are jointly and severally liable for these amounts.

On or before June 22, 2021, Plaintiffs shall submit documentation of their attorneys' fees, costs, and expenses caused by Defendants' failure to comply with the Order. Defendants shall have seven days to file any response. The response shall not be used to attempt to relitigate

whether the Court should impose sanctions. If Defendants file a response, Plaintiffs shall have seven days to file a reply. The Court will then determine the amount of expenses to award and set a deadline for Defendants to pay.

**IT IS SO ORDERED.**

Date: June 17, 2021

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT