IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **TARVISIUM HOLDINGS, LLC,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-0086-DGK |
| | ) | |
| **DUKAT, LLC,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' BRIEF ON THE APPLICATION OF THE AUTOMATIC STAY AS TO THE NON-DUKAT, LLC DEFENDANTS

### Procedural Background

1. Defendant Dukat, LLC ("**Dukat**") filed its Suggestions of Bankruptcy on July 16, 2021 (ECF No. 240). Plaintiffs have acknowledged that Dukat filed for bankruptcy protection in various briefings since that time (ECF Nos. 241 and 242) and that Dukat's filing automatically stayed this litigation as to it. (ECF No. 245). Plaintiffs' position regarding the application of the automatic stay as to Dukat in this litigation remains unchanged.

2. Notwithstanding that it filed its Suggestions of Bankruptcy, Dukat thereafter continued to participate in this litigation by making various filings with this Court. *See* ECF Nos. 243 and 244.

3. Similarly, the non-Dukat Defendants Elliott Kattan, Mourad Kattan, Benjamin Schwartz and 36Lower, Inc. (referred to herein collectively as the "**Non-Debtor Defendants**") have made similar filings after Dukat filed its Suggestions of Bankruptcy. *See* ECF Nos. 243, 244 and 246.

4. However, and to date, none of the Defendants have argued for or even suggested that <u>this</u> Court should stay the entire case in light of Dukat's bankruptcy filing.

1

5. Dukat has requested that the automatic stay be extended to Elliott and Mourad Kattan in the New Jersey bankruptcy case. That issue is set for hearing on August 17, 2021.

## Authority

6. Upon a debtor's filing of a bankruptcy petition, the automatic stay operates to stay, among other things, "the commencement...of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case...." 11 U.S.C. § 362(a)(1). It also stays all actions "to collect, assess, or recover a claim ***against the debtor*** that arose before the commencement of the case under the title." 11 U.S.C. § 362(a)(6) (emphasis added). "The purpose of the automatic stay, in addition to protecting the relative position of creditors, is to shield the debtor from financial pressure during the pendency of the bankruptcy proceeding." *In re Triad Construction Co., Inc.*, 545 B.R. 597 (Bankr.W.D.Mo. 2016), citing *Winters By and Through McMahon v. George Mason Bank,* 94 F.3d 130, 133 (4th Cir.1996) (citation omitted). Thus, the purpose of the automatic stay is two-fold: to preserve the relative positions and rights of creditors as established by the Bankruptcy Code and to protect the debtor, individually, from collection activities. *Id*.

7. "However, "[N]othing in the legislative history counsels that the automatic stay should be invoked in a manner which would advance the interests of some third party, such as the debtor's codefendants, rather than the debtor or its creditors." *In re Triad*, 55 B.R. at 603. "[I]t would distort congressional purpose to hold that a third party solvent co-defendant should be shielded against his creditors by a device intended for the protection of the insolvent debtor" and creditors thereof. *Id*.

8. Extension of an automatic stay to a debtor's co-defendants is only proper in unusual circumstances. *Sav-A-Trip, Inc. v. Belfort, et al*., 164 F.3d 1137 (8th Cir. 1999); *see also Incredible*

*Pizza Franchise Group, LLC v. KJM Properties & Investments, LLC*, 2012 WL 13027426 (W.D. Mo. 2012). In fact, the automatic stay in not available to non-bankruptcy defendants "even if they are in a similar legal or factual nexus with the debtor." *Croyden Assocs. v. Alleco, Inc.,* 969 F.2d 675, 676 (8th Cir.1992), citing *Maritime Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1205 (3d Cir.1992). *See* also *Fortier v. Dona Anna Plaza Partners,* 747 F.2d 1324, 1330 (10th Cir. 1984) (nothing in section 362 purports to extend automatic stay to claims against debtor's solvent co-defendants).

9. Unusual circumstances may exist when there is such identity between a debtor and a third party that judgment against a non-debtor would be binding upon a debtor. *In re Triad*, 55 B.R. at 604, citing *In re Rubenstein,* 105 B.R. 198, 201–202 (Bankr.D.Conn.1989); *see also General Dynamics Corp. v. Veliotis (In re Veliotis),* 79 B.R. 846, 848 (Bankr.E.D.Mo.1987). The fact that Plaintiffs are Debtor's owners does not provide such identity of interest that they falls within the ambit of § 362(k) in this instance. *Id*.

10. 11 U.S. Code § 105(a), § 362(d) and Federal Rules of Bankruptcy Procedure Rule 4001 confer exclusive jurisdiction to extend the automatic stay to the bankruptcy court.

## **Argument**

11. Plaintiffs respectfully suggest that the bankruptcy court in the Dukat bankruptcy proceeding has the exclusive jurisdiction to extend the automatic stay to any non-debtors pursuant to 11 U.S. Code § 105(a), § 362(d) and Federal Rules of Bankruptcy Procedure Rule 4001, and that this Court should defer to same.

12. Regardless, this Court should not take any action to stay this litigation as to the Non-Debtor Defendants as no unusual circumstances exist warranting the *extraordinary* remedy of extending the automatic stay. Plaintiffs' claims in this litigation against the Non-Debtor

3

Case 4:19-cv-00086-DGK   Document 252   Filed 07/30/21   Page 3 of 6

Defendants are clearly independent of Dukat's bankruptcy, do not involve Dukat's property or an interest in Dukat's bankruptcy estate, and will not affect the bankruptcy estate's administration - which is advancing accordingly.

13. Even with the automatic stay applying to Dukat, a significant amount of this litigation still survives, including claims by Plaintiffs and counterclaims by the Non-Debtor Defendants.

14. All of these claims can proceed to trial in December 2021 without the involvement of Dukat. According to Dukat's bankruptcy filings, Defendants Elliott and Mourad Kattan are the only current members of Dukat. If there is any concern by this Court that Dukat's interests in the bankruptcy proceeding could be adversely affected by evidence or judgments in this case, the Kattans can certainly protect Dukat's interests here. And, Dukat has not even asserted any adversarial claims in the bankruptcy case relating to the sale of the Essential Hardware business against any Plaintiff. Accordingly, there is absolutely no risk of duplication or inconsistent judgments as between this case and Dukat's bankruptcy case.

15. Although Elliott and Mourad Kattan are members of Dukat, the fact that they are the debtor's owners does not alone provide such an identity of interest that they would fall within the ambit of §362. *General Dynamics Corp.,* 79 B.R. at 848. Any judgment taken by Plaintiffs against them would be against them individually, and not binding on Dukat. The tort claims alleged against Elliott and Mourad Kattan relate to their individual acts of fraud, negligence and tortious interference – separate and apart from the contractual claims against Dukat which are stayed. The mere fact that the Kattans may be in a similar legal or factual nexus with Dukat is not enough to avail them of Dukat's automatic stay. *Croyden Assocs.,* 969 F.2d at 676.

16. Defendants Schwartz and 36Lower, Inc.'s nexus with Dukat is even more removed. Neither Mr. Schwartz nor 36Lower, Inc. are owners/members of Dukat. The claims against them are again separate and apart from Plaintiffs' claims against Dukat and the Kattans. Accordingly, there is absolutely no basis why any of these *solvent* Non-Debtor Defendants should be shielded from Plaintiffs' claims and receive the benefit of Dukat's automatic stay.

17. Finally, staying this entire case would cause extreme prejudice to Plaintiffs. This action was filed in February 2019 – almost 2 ½ years ago. All along the way, Defendants have dragged their feet during the discovery process, flaunted Court orders, and needlessly protracted this litigation causing Plaintiffs to incur unnecessary costs. As a result, the Court has sanctioned Defendants repeatedly for their conduct. Many viable, important claims still remain against the Non-Debtor Defendants notwithstanding Dukat's bankruptcy filing. If the Court were to extend Dukat's automatic stay to the Non-Debtor Defendants, Plaintiffs may never see their day in Court and the Non-Debtor Defendants would benefit from the protection afforded by Dukat's automatic stay without having themselves declared for bankruptcy. Accordingly, the Court should not extend Dukat's automatic stay to the Non-Debtor Defendants, and otherwise defer such a decision to the Dukat bankruptcy court.

Respectfully submitted:

**ROUSE FRETS WHITE GOSS GENTILE RHODES, P.C.**

/s/  R. Todd Ehlert
| R. TODD EHLERT | MO #51853 |
| BRETT C. RANDOL | MO #57699 |
| JOEL H. DRISKELL | MO #70552 |

5250 W. 116th Place, Suite 400
Leawood, Kansas 66211
Telephone:  (913) 387-1600
Facsimile:  (913) 928-6739
tehlert@rousepc.com
brandol@rousepc.com
hdriskell@rousepc.com
**Attorneys for Plaintiffs**

# CERTIFICATE OF SERVICE

The undersigned hereby confirms that on this 30th day of July, 2021, a copy of the foregoing was filed via the Court's electronic filing system, and a copy was mailed to the following:

Elliott Kattan
28 Old Farm Road
Oakhurst, NJ 07755

Mourad Kattan
15 Old Farm Road
Oakhurst, NJ 07755

Benjamin Schwartz
37 Herrick Avenue
Teaneck, NJ 07666

36Lower, Inc.
180 Talmadge Road, Ste. 509
Edison, NJ 08817

/s/  R. Todd Ehlert
**Attorney for Plaintiffs**